VORYS SATER SEYMOUR AND PEASE LLP
Thomas N. McCormick (Bar No. 325537)
*tnmccormick@vorys.com*
Krystal V. Campos (SBN 351517)
*kvcampos@vorys.com*
2211 Michelson Dr., Suite 500
Irvine, CA 92612
Telephone: (949) 526-7903
Facsimile: (949) 526-7903

Attorneys for Defendant
ZALE DELAWARE, INC.

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
7/15/2025 5:10:33 PM

Clerk of the Superior Court
By I. Ledesma ,Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

ANAKAREN LUIS, individual, on behalf of herself and all others similarly situated,

Plaintiff,

vs.

ZALE DELAWARE, INC., a Delaware corporation, and DOES 1-50, inclusive,

Defendant.

Case No. 25CU025823N

Assigned for all purposes to Hon. Earl H. Maas, III

Dept.: N-28

**DEFENDANT ZALE DELAWARE, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Action Filed: May 19, 2025

Defendant Zale Delaware, Inc. ("Defendant" or "Zale") hereby answers the Class Action Complaint ("Complaint") filed on May 19, 2025, by Plaintiff Anakaren Luis ("Plaintiff"), and admits, denies, and otherwise pleads as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section § 431.30(d), Zale denies generally and specifically each and every allegation contained in the Complaint and further denies, generally and specifically, that Plaintiff is entitled to any damages, remedies, judgments, penalties, or any other relief whatsoever by reason of any act or omission on the part of Zale.

/ / /

## AFFIRMATIVE DEFENSES

In addition, Zale alleges and asserts the affirmative and other defenses set forth herein. By pleading these defenses, Zale does not assume the burden of proving or disproving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

### FIRST AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

Plaintiff's Complaint and/or each cause of action are barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 338 and 340; California Labor Code sections 203 and 210; and California Business and Professions Code section 17200 *et seq*.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

**(Lack of Standing)**

The Complaint as a whole, and each cause of action alleged therein, is barred in whole or in part because Plaintiff lacks standing to bring the instant action.

### FOURTH AFFIRMATIVE DEFENSE

**(No Willful Conduct and Good Faith Dispute)**

To the extent Plaintiff and any other individual whom Plaintiff seeks to represent in this action seek penalties for any alleged willful failure to comply with the requirements of the California Labor Code, such penalties are barred because Defendant did not willfully violate any provision of the California Labor Code, and good faith disputes of fact and/or law exist concerning any alleged violations. Any violation of the Labor Code or Order of the Industrial Welfare Commission was an act or omission made in good faith, and Defendant had reasonable

grounds for believing that its wage payment practices complied with existing laws and that any act or omission was not a violation of the Labor Code or any Order of the Industrial Welfare Commission so that Plaintiff and any other individual whom Plaintiff seeks to represent in this action are not entitled to any damages in excess of any wages for hours worked which might be found to be due.

**FIFTH AFFIRMATIVE DEFENSE**

**(Wage Statements – No Knowledge)**

Even assuming *arguendo* Plaintiff or any other individual whom Plaintiff seeks to represent in this action were not provided with a proper itemized statement of wages and deductions, Plaintiff and any other individual whom Plaintiff seeks to represent in this action are not entitled to recover damages because the alleged failure by Defendant to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code section 226(e).

**SIXTH AFFIRMATIVE DEFENSE**

**(Voluntary Waiver of Meal and Rest Periods)**

The Complaint, and each cause of action alleged therein seeking wages for failure to provide meal and rest periods, respectively, is barred in whole or in part to the extent Defendant provided, authorized, and permitted meal and rest periods in compliance with California law, and Plaintiff and any other individual whom Plaintiff seeks to represent in this action voluntarily waived their right to take the meal or rest breaks as provided.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Acts or Omissions by Plaintiff or Putative Class Members/Failure to Comply)**

Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, cannot be maintained against Defendant because the alleged losses or harms sustained by Plaintiff and/or any putative class members, if any, resulted from causes other than any act or omission of Defendant and/or resulted from the acts or omissions of Plaintiff and/or putative class members, including a failure to mitigate damages and/or a failure by Plaintiff

and/or the putative class to comply with the reasonable expectations of Defendant and follow Defendant's reasonable instructions and/or policies.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Offset)**

Any recovery for alleged lost wages must be offset or reduced to the extent Defendant already compensated Plaintiff and/or any other individual whom Plaintiff seeks to represent in this action in full or in excess of what was required by law.

**NINTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

The Complaint, and each cause of action alleged therein, is barred to the extent Plaintiff and/or the individuals who Plaintiff seeks to represent in this action unreasonably failed to take advantage on a timely basis of any preventative or corrective safeguards provided by Defendant or otherwise to avoid harm.

**TENTH AFFIRMATIVE DEFENSE**

**(Accord, Satisfaction, and Payment)**

Some or all of the causes of action in the Complaint are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment, Waiver, Estoppel, Laches)**

Some or all of the purported claims alleged in the Complaint are barred by the doctrines of waiver, equitable estoppel, laches, unjust enrichment, or unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Suitable Resting Facilities/Potable Drinking Water)**

Plaintiff's rest break claim fails because Plaintiff and every alleged aggrieved employee had access to suitable resting facilities separate from the toilet rooms and free drinking water at reasonable and convenient places, to the extent required by law.

/ / /

/ / /

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Penalties Barred by Principles of Fairness and Equity)**

The Complaint and each purported claim alleged therein cannot be maintained against Zale because principles of fairness and equity operate to bar the imposition of penalties under California Labor Code §§ 510, 558, and applicable Orders of the Industrial Welfare Commission.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Premium Pay Barred)**

Plaintiff and/or the putative class members are not entitled to any premium wages under California Labor Code §§ 226.7, 512, or any other provision of the California Labor Code because the Plaintiff and the putative class members were always authorized and permitted to take rest and meal breaks as provided by law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Satisfy Requirements of a Class Action)**

Defendant asserts that this suit may not be properly maintained as a class action because: (a) Plaintiff cannot establish the necessary elements for class treatment; (b) a class action is not an appropriate method for the fair and efficient adjudication of the class claims described in the Complaint; (c) common issues of fact or law do not predominate—to the contrary, individual issues predominate; (d) Plaintiff's claims are not typical of the claims of the putative class; (e) Plaintiff cannot fairly and adequately represent the interests of the purported class; (f) the named Plaintiff and alleged putative class counsel are not adequate representatives for the alleged putative class; (g) class treatment is neither appropriate nor constitutional under the circumstances in this case; and/or (h) a well-defined community of interest in the questions of law and/or fact affecting Plaintiff and the members of the putative class does not exist. If this Court certifies a class over Defendant's objections, Defendant asserts each and all of the following affirmative defenses set forth herein against each and every member of any certified class.

/ / /

/ / /

/ / /

**<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>**

**(Properly Paid for All Hours Worked)**

The Complaint and each purported claim alleged therein are barred in whole or in part because Defendant properly compensated Plaintiff and the putative class members for all hours worked, including any hours over forty in a workweek or eight hours in a workday.

**<u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>**

**(Arbitration Agreement)**

The claims of Plaintiff and some or all of the putative class members are barred in their entirety because they are parties to binding and enforceable arbitration agreements.

**<u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>**

**(Release)**

Plaintiff's claims and any claim on behalf of any putative class member are barred to the extent Plaintiff and/or any putative class member released the claims and damages sought in the Complaint in the class action settlement agreement resulting from *Maria Sanz v. Sterling Jewelers Inc., et al.* Case No. 37-2022-00015148-CU-OE-CTL.

**<u>NINETEENTH AFFIRMATIVE DEFENSE</u>**

**(Attestations)**

Plaintiff and all putative class members are not entitled to damages or penalties for meal periods because all employees attest at the end of their shifts that they received all required meal periods.

**<u>TWENTIETH AFFIRMATIVE DEFENSE</u>**

**(De Minimis Effect)**

Some or all of the hours worked by Plaintiff and/or any putative class members and claimed unpaid were de minimis and do not qualify as compensable hours worked under the California Labor Code and/or any other applicable law.

**<u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>**

**(Prejudgment Interest, Costs, and Attorneys' Fees Unavailable)**

Defendant alleges that the Complaint and each cause of action set forth therein fail to

properly state a claim upon which prejudgment interest may be awarded and further fail to state a claim for an award of costs or attorneys' fees under applicable California law.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Wrongful Acts Not Authorized, Ratified, or Condoned by Defendant)**

Defendant alleges that any unlawful or other wrongful acts of any person(s) employed by Defendant were outside the scope of her or her authority and such acts, if any, were not authorized, ratified, or condoned by Defendant, nor did Defendant know or have reason to be aware of such alleged conduct.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(No Unfair, Unlawful, Misleading, or Deceptive Business Practices)**

Defendant is not liable for violation of unfair business practices pursuant to California Business & Professions Code section 17200, *et seq.* because Defendant's business practices were not unfair, not unlawful, not deceptive, and not likely to mislead anyone.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Expenditures Not Necessary or Reasonable)**

Plaintiff's claims are barred to the extent business expenditures incurred by Plaintiff and/or putative class members, if any, were neither necessary nor reasonable.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Outside Scope of IWC Orders)**

Some or all of certain hours claimed by Plaintiff and/or the putative class members are not "hours worked" within the meaning of any Order(s) of the California IWC and/or under applicable California law, such that compensation need not be paid for those hours.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Wage Statements Reflected Wages Paid)**

Plaintiff's claim for failure to provide accurate itemized wage statements fails because any wage statements received by Plaintiff and/or the putative class members accurately reflected the wages they were actually paid.

/ / /

**TWENTY-SEVENTH DEFENSE**

**(Multiple Recovery/Stacking)**

The Complaint and each purported claim alleged therein are barred in whole or in part to the extent that Plaintiff or any alleged aggrieved employee seeks a multiple recovery for the same alleged wrong or wrongs.

**TWENTY-EIGHTH DEFENSE**

**(Accurate Information Easily Determinable)**

To the extent Zale is found liable for any wage statement penalties, which Defendant denies, employees could promptly and easily determine from the wage statement alone the accurate information required by Labor Code Section 226(a).

**TWENTY-NINTH DEFENSE**

**(No Private Cause of Action)**

Plaintiff's Second Cause of Action fails because claims under Labor Code Section 210 can only be brought through a complaint to the Labor Commissioner or through a PAGA enforcement action.

**THIRTIETH DEFENSE**

**(Timely Payment)**

Plaintiff's Second Cause of Action fails because Plaintiff's and the others she seeks to represent were timely paid wages in accordance with Labor Code Section 204.

**RESERVATION OF RIGHTS**

Zale hereby gives notice that it intends to rely upon such other and further affirmative and other defenses it identifies and/or as may become available during discovery in this action, and Zale reserves the right to amend this Answer to assert any such defenses.

**PRAYER FOR RELIEF**

**WHEREFORE**, Zale prays for judgment as follows:

1. Plaintiff and the putative class members take nothing by the Complaint and that the Complaint be dismissed in its entirety with prejudice;

2. Judgment be entered against Plaintiff and in favor of Defendant;

3. Defendant be awarded costs of suit and reasonable attorneys' fees incurred; and

4. The Court award Defendant such other relief as it deems just and proper.

DATED: July 15, 2025

VORYS, SATER, SEYMOUR AND PEASE LLP

By: /s/ Krystal Campos

Krystal V. Campos
Attorney for Defendant
ZALE DELAWARE, INC.

**PROOF OF SERVICE**

*Anakaren Luis v. Zale Delaware, Inc., et al.*
Superior Court of the State of California, for the County of San Diego
Case No. 25CU025823N

I am employed in the County of Orange, State of California; I am over the age of 18 and not a party to the within action; my business address is 2211 Michelson Drive, Suite 500, Irvine, California 92612.

On July 15, 2025, I served the foregoing document described as: **DEFENDANT ZALE DELAWARE INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** on the interested parties to this action addressed as follows on this service list:

| | |
|---|---|
| Nazo Koulloukian<br>Hilary Silvia<br>**KOUL LAW FIRM, APC**<br>217 South Kenwood Street<br>Glendale, CA 91205<br>Tel: (213) 325-3023<br>Fax: (8180 561-3938<br>nazo@koullaw.com<br>hilary@koullaw.com<br><br>**Attorneys for Plaintiff** | |

**X** **BY MAIL:** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Irvine, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

**X** **BY ELECTRONIC MAIL:** By email or electronic transmission: Based on any agreement between the parties and/or as a courtesy, I sent the document to the persons at the email addresses listed on the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on, July 15, 2025, at Irvine, California.

Sarah Greene